UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEYWANIE S. BRIDGEWATER,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 2:24-cv-01178-TMC<br><br>ORDER GRANTING MOTION TO DISMISS |

## I.   INTRODUCTION

Before the Court is Defendant Social Security Commissioner's motion to dismiss pro se Plaintiff Keywanie S. Bridgewater's complaint. Dkt. 14. The Commissioner argues that Ms. Bridgewater has failed to state a claim, and the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6). In her complaint, Ms. Bridgewater asks the Court to increase her supplemental security income ("SSI") payments for 2025. The Commissioner responds that the Court cannot increase Ms. Bridgewater's payments because she already receives the maximum payment allowed. The Commissioner thus maintains that Ms. Bridgewater has failed to state a claim upon which the Court can grant relief.

The Court has considered the record. The Court agrees with the Commissioner. Thus, the Motion to Dismiss (Dkt. 14) is GRANTED and this case is DISMISSED with prejudice.

ORDER GRANTING MOTION TO DISMISS - 1

## II. FACTUAL BACKGROUND

Ms. Bridgewater receives SSI payments from the Social Security Administration (SSA). *See* Dkt. 11 at 2; Dkt. 14-1 ¶ 4. She has received these payments since 2009. Dkt. 14-1 ¶ 4. In 2024, Ms. Bridgewater received the maximum allowable monthly SSI payment: $943 per month. *Id.* ¶ 6. If nothing changes, Ms. Bridgewater will receive the maximum allowable monthly payment again in 2025: $967 per month. Dkt. 14 at 3. But Ms. Bridgewater asks the Court to increase this amount. Dkt. 11 at 2–4. She filed a complaint with the Court on August 21, 2024. *See generally* Dkt. 11. In the complaint, she requests the Court order the Social Security Commissioner to increase her monthly payments to $2,888 per month. *Id.* at 2–4.

On October 16, 2024, the Commissioner filed a motion to dismiss. Dkt. 14. The motion explained that the payment Ms. Bridgewater receives each month is the maximum amount allowed. *Id.* at 3. Because of this, the Commissioner argues that the Court may not grant Ms. Bridgewater relief and her complaint should be dismissed. *Id.* Plaintiff did not respond to the motion. The Court has reviewed the briefing. The motion is ripe for the Court's consideration.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." This means that the Court may grant a motion to dismiss when, even if everything said in the complaint is true, the law does not allow the Court to give the plaintiff what she asks for.

Rule 12(b)(6) motions may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted). To survive a Rule

12(b)(6) motion, the complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (citation omitted). The Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party," *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014), but need not "accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555.

### IV.   DISCUSSION

The Social Security Act authorizes payment of SSI income to individuals living with disability or aging with limited resources. *See Barnhart v. Walton*, 535 U.S. 212, 214 (2002); 42 U.S.C. § 1382(a). The law sets the maximum monthly payment for SSI recipients. *See* 42 U.S.C. §§ 1382(b); 20 C.F.R. § 416.410. In 2024, the maximum SSI benefit was $943 per month. Cost-of-Living Increase and Other Determinations for 2024, 88 F.R. 72803, 72804 (Oct. 20, 2023). In 2025, the maximum SSI benefit will be $967 per month. Cost-of-Living Increase and Other Determinations for 2025, 89 Fed. Reg. 85276 (Oct. 25, 2024). In 2024, Ms. Bridgewater received the maximum benefit of $943 per month. Dkt. 14-1 ¶ 6. If Ms. Bridgewater's "circumstances" do not change, she will continue to receive the maximum benefit in 2025. *Id.* ¶ 7.

But Ms. Bridgewater has asked this Court to order the Social Security Commissioner to give her a benefit of $2,888 per month. Dkt. 11 at 3. The Court is not able to grant Ms. Bridgewater's request. As explained above, federal statute sets the maximum monthly payment for SSI recipients. *See* 42 U.S.C. § 1382(b)(1)–(2). Each year, the SSA sets the maximum benefit according to the statute's requirements. *See id.*; *see also* § 1382(f). The Court must then apply the statute and the SSA's related rules. The Court cannot order the Commissioner of Social Security to give any individual a benefit over the statutory amount.

There are a few situations where additional payments are allowed, but none apply here. First, if the SSA determines that an individual was eligible for SSI payments but never received them, the recipient may request and receive a lump-sum payment to cover the underpayments. 42 U.S.C. § 404(1)(B); 40 CFR § 415.542. But Ms. Bridgewater's complaint states that no error has occurred. Dkt. 11 at 2.

Second, if an SSI recipient also qualifies for Social Security Disability Insurance (SSDI) the total combined payment may exceed the SSI maximum monthly payment. 20 CFR § 416.1123. Ms. Bridgewater has not raised this issue. *See generally* Dkt. 11.

Third, states may supplement SSI payments with optional state supplements (OSS), which can increase the total amount an individual receives, depending on the state. Washington is a state that provides OSS payments. *See* RCW 74.04.620(1); WAC 388-478-0055; WAC 182-510-0001. Ms. Bridgewater could apply for an OSS payment, but that is not an issue for the Court to determine.

Thus, under the 12(b)(6) motion to dismiss standard, Ms. Bridgewater has failed to state a claim upon which the Court can grant her relief.

## V.    CONCLUSION

For these reasons, the Motion to Dismiss [Dkt. 14] is GRANTED and this case is dismissed with prejudice. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 16th day of December, 2024.

Tiffany M. Cartwright
United States District Judge